UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN ANGELO, *et al.*,

    Defendants.

Case No. 20-cr-20599
Hon. Matthew F. Leitman

_____/

### ORDER (1) SEVERING TRIAL OF DEFENDANT THOMAS REED QUARTZ, (2) GRANTING MOTION TO SEVER TRIAL ON COUNTS 2-5 OF SUPERSEDING INDICTMENT (ECF No. 181), (3) SETTING TRIAL DATES, AND (4) DETERMINING EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT

This is a complex fraud case involving a variety of charges against seven Defendants. Count 1 of the Superseding Indictment alleges that six of the seven Defendants (John Angelo, Brent Sitto, Corey Mann, Michael Daneshvar, Thomas Reed Quartz, and Glenn Franklin) participated in a conspiracy to fraudulently obtain vehicle crash reports. The alleged conspiracy lasted several years (from March 2014 to October 2019), involved the use and misuse of many different corporate entities and, as revealed by a recently-filed Bill of Particulars, involved 41 unindicted co-conspirators. Counts 2-5 of the Superseding Indictment alleges that Defendants John Angelo and Rosina Angelo (the lone Defendant not named in Count I) (collectively, the "Angelo Defendants") conspired to commit tax fraud. Finally, Counts 6 and 7

1

of the Superseding Indictment charge Mann with aiding and abetting the preparation of a false tax return. The case is so large and complex that the Court has deemed it a "mega case" for budgeting purposes. (*See* Order, ECF No. 147, PageID.2098.)

The Court has received three requests for severance. First, Mann filed a motion under Rule 14 of the Federal Rules of Criminal Procedure to sever all of the charges against him. (*See* Mann Mot., ECF No. 182.) The Government opposed the motion. (*See* Resp., ECF No. 200.) The Court denied Mann's motion in large part because it did not find the primary argument advanced by Mann in his motion papers – that he would suffer unfair prejudice from a joint trial because his defense is antagonistic to John Angelo – to be persuasive. (*See* 11/19/2022 Order, ECF No. 212; 11/17/2022 Hr'g Tr., ECF No. 218, PageID.3148-3161.)

Second, the Angelo Defendants filed a motion under Rules 8(b) and 14 of the Federal Rules of Criminal Procedure to sever Counts 2-5. (*See* Angelo Defs. Mot., ECF No. 181.) The Government opposed the motion. (*See* Resp., ECF No. 199.) For the reasons explained below, the Court **GRANTS** that motion.

Finally, Quartz and the Government have agreed that the charges against Quartz should be severed if the Court does not adjourn trial on those charges for at least five or six months. (*See* 11/17/2022 Hr'g Tr., PageID.3158-3159, 3223-3224.)

After careful consideration, the Court has decided to sever Counts 2-5 of the Superseding Indictment and the charges against Quartz. The Court orders that

severance under Rule 14 of the Federal Rules of Criminal Procedure, which authorizes district courts to "order separate trials of counts [or] sever the defendants' trials" if it appears that a joint trial of defendants would prejudice one or more defendants. Fed. Rule Crim. Proc. 14(a). "[U]nder Rule 14, the trial judge possesses broad discretion to grant or deny a motion for severance." *United States v. Reed*, 647 F.2d 678, 689 (6th Cir. 1981).

The Court concludes, in the exercise of its sound discretion, that severance is appropriate under Rule 14 because it appears that a joint trial of all seven Defendants and on all charges simultaneously would likely cause unfair prejudice. Because this case is so broad and complex, the Court is concerned that a jury would not be able to fully and fairly consider the individualized circumstances of, and defenses presented by, each of the seven Defendants at such a trial. Simply put, in a complicated and sprawling case like this, it is too much to expect the jury to be able to evaluate seven different defense cases at once.[1]

---

[1] As noted above, the Court denied Defendant Mann's motion for severance in an order issued on November 19, 2022. (*See* 11/19/2022 Order, ECF No. 212.) In that motion, Mann argued, among other things, that he would suffer unfair spillover prejudice if he was tried in a single trial with all other Defendants. When the Court denied Mann's motion, it determined that the risk of spillover prejudice could be sufficiently mitigated through jury instructions directing the jury to consider the guilt or innocence of each Defendant separately. (*See* 11/17/2022 Hr'g Tr., PageID.3161.) After further careful consideration, the Court has determined that the effectiveness of such instructions could be somewhat diluted in a trial involving seven Defendants and seven defense cases. But the Court believes that severing Counts 2-5 against the Angelo Defendants and the claims against Quartz will mitigate those concerns,

3

Severing Counts 2-5 against the Angelo Defendants and the charges against Quartz will sufficiently narrow the scope of the case so as to make it reasonably understandable for the jury. These severances will reduce the number of Defendants on trial to a reasonable number. The severances will result in three separate trials, and (as described in more detail below) none will involve more than five Defendants. Although the case will still be complex, the Court is confident that the jury will be able to make reasonable and individualized determinations of guilt for five Defendants at once, especially with clear jury instructions explaining that each Defendant's guilt should be driven by their individual culpability. Moreover, severing the tax fraud conspiracy charges against the Angelo Defendants (Counts 2-5) will eliminate a potentially complicated subject matter from the jury's consideration.[2]

---

and that the jury will be able to individually determine the guilt or innocence of each Defendant in the five-defendant trial on the remaining issues. Simply put, the Court has recognized the merit in the concerns raised by Mann and has addressed them by severing Counts 2-5 against the Angelo Defendants and the charges against Quartz, rather than severing all charges against Mann. It makes sense to try Mann along with the other Defendants charged in Count 1 because he is alleged to have participated in the conspiracy charged in that Count for essentially the entire duration of that conspiracy. (*See* 11/17/2022 Hr'g Tr., PageID.3158-3160.) And for the reasons explained by the Government during a recent hearing, it makes more sense to sever the charges against Quartz (who is also charged in Count 1) rather than the charges against Mann. (*See id.*)

[2] In Mann's motion for severance, he argued, among other things, that he would suffer unfair prejudice if he was tried in a single trial that involved both the tax fraud conspiracy charges against the Angelo Defendants (Counts 2-5 of the Superseding Indictment) and the tax-related charges against him (Counts 6-7 of the Superseding

The three trials resulting from the Court's severances will proceed as follows. In the first trial, all of the Defendants other than Quartz and Rosina Angelo will be tried on Count 1 of the Superseding Indictment, and Mann will be tried on Counts 6 and 7 of that indictment (the "First Trial"). In the second trial, the Angelo Defendants will be tried on Counts 2-5 of the Superseding Indictment (the "Second Trial"). In the third trial, Quartz will be tried on Count 1 of the Superseding Indictment (the "Third Trial"). Instead of commencing trial on January 10, 2023 – the date on which the pre-severance, joint trial of all Defendants was originally set to begin – the three post-severance trials will proceed as follows. The First Trial will begin on **March 22, 2023**. The Second Trial will begin on **July 11, 2023**. The Third Trial will begin on **September 26, 2023**.

With respect to the Speedy Trial Act, the Court concludes that the time from January 10, 2023 (the original trial date), to March 22, 2023 (the date of the First Trial), qualifies as excludable delay under the Speedy Trial Act for Defendants Brent Sitto, Corey Mann, Michael Daneshvar, and Glenn Franklin. *See* 18 U.S.C. § 3161(h)(7). The Court agreed to adjourn the trial for these Defendants from January 10, 2023, until March 22, 2023, in response to a request for an adjournment by all Defendants other than Mann. These Defendants sought an adjournment on the

---

Indictment). (*See* Mann Mot., ECF No. 182, PageID.2590-2591.) The severance granted by the Court will eliminate this form of potential prejudice that Mann feared.

5

ground that they could not reasonably be prepared for trial by January 10, 2023, because the form and volume of discovery provided by the Government has made trial preparation challenging. (*See* 11/17/2022 Hr'g Tr., ECF No. 218, PageID.3190-3206.) In light of counsel's need to effectively prepare for trial in this complex case, the Court concludes that the ends of justice served by adjourning the trial date from January 10, 2023, until March 22, 2023, outweigh the interests of the public and of all Defendants in a speedy trial. Accordingly, the Court finds that the time from January 10, 2023, to March 22, 2023, qualifies as excludable delay under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

The Court further concludes with respect to the Speedy Trial Act that the time from January 10, 2023, to July 11, 2023 (the date of the Second Trial), shall be treated as excludable delay as to the Angelo Defendants. The trial of the Angelo Defendants is being moved to July 2023 in response to their request for severance of Counts 2-5 of the Superseding Indictment and in order to ensure that they receive a fair trial on those charges. Under these circumstances, the Court finds that the ends of justice served by adjourning the trial of the Angelo Defendants in Counts 2-5 of the Superseding Indictment outweigh the interests of the public and the Angelo Defendants in a speedy trial, and the Court further concludes that time from January 10, 2023, to July 11, 2023, is properly excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

The Court additionally concludes with respect to the Speedy Trial Act that the time from January 10, 2023, to September 26, 2023, shall be excluded as to Quartz. The Court excludes that period of time because the Court has granted Quartz's request for a separate trial and because – since the Court will be trying the other two trials in this case – the Court cannot bring Quartz to trial before September 26, 2023. Under these circumstances, the Court finds that the ends of justice served by adjourning the trial of Quartz outweigh the interests of the public and Quartz in a speedy trial, and the Court further concludes that the time from January 10, 2023, to September 26, 2023, is properly excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

Finally, the Court will not extend the date of the First Trial beyond March 22, 2023, as counsel for the Defendants in that trial (other than counsel for Mann) have asked the Court to do. As noted above, trial in this case was originally set for January 10, 2023, and the Court recently granted a motion by all Defendants other than Mann to adjourn that date. The Court agreed to do so based upon the Court's understanding of the challenges faced by defense counsel in preparing for trial. At the same time the Court granted the adjournment, the Court imposed upon the Government numerous disclosure obligations that should substantially assist the defense in preparing for trial. For instance, the Court required the Government, by December 30, 2022, (1) to provide Defendants with a Bill of Particulars identifying all

unindicted co-conspirators; (2) to provide Defendants with a witness list identifying the witnesses the Government will call at trial and separately identifying the witnesses that the Government may call at trial; (3) to provide Defendants with an exhibit list identifying the exhibits the Government intends to use in its case-in-chief and identifying the witnesses with whom the Government intends to use each exhibit; (4) to identify which of the materials provided thus far during discovery have been provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (5) to provide Defendants with all *Brady, Gilgio,* and/or *Agurs* materials that the Government has in its possession; and (6) to provide Defendants with all Jencks Act materials. (*See* 11/18/2022 Order, ECF No. 212, PageID.3066-3067.)  The Court is confident that, with these additional disclosures by the Government nearly three months before trial, the Defendants to be tried in the First Trial will have sufficient time to prepare for trial.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2022, by electronic means and/or ordinary mail.

                                            <u>s/Holly A. Ryan</u>
                                            Case Manager
                                            (313) 234-5126